UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TYRONE D. CHACON,<br><br>                Defendant-Movant.<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Plaintiff-Respondent. | Case No. 4:09-CV-090-BLW<br>           4:05-CR-014-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

Pending before the Court is Parties' Proposed Settlement (Dkt. 12) suggesting a resolution of the pending § 2255 Motion filed through counsel by Tyrone D. Chacon ("Chacon") alleging ineffective assistance of counsel in violation of his Sixth Amendment right to counsel. For the reasons discussed below, the Court will accept the Proposed Settlement.

## BACKGROUND

Chacon pled guilty to one count of distributing in excess of 72 grams of actual methamphetamine and marijuana. A Presentence Report was prepared which provided for an enhancement for role in the offense and possession of a firearm resulting in a guideline range of 151 to 188 months. Defense counsel filed objections to the drug quantity

**MEMORANDUM DECISION AND ORDER - 1**

calculation, the firearm enhancement, the determination that Chacon was not eligible for the safety valve relief, and the role enhancement. *Objection to Presentence Report* (Dkt. 192 in criminal case).

At the conclusion of a three-day sentencing hearing, the Court found that Chacon had obstructed justice by committing perjury and was therefore not entitled to the adjustment for acceptance of responsibility contained in the Presentence Report. The Court's findings raised the guideline range to 262 to 327 months. On February 27, 2006, the Court imposed a sentence of 262 months. Chacon's appeal of his sentence was dismissed, and he timely filed the pending § 2255 Motion requesting resentencing in the range of the statutory minimum of 120 months to the high end of the original range or 188 months.

Chacon's counseled § 2255 Motion contains a myriad of detailed allegations of ineffective assistance of counsel such as (1) failure to investigate and review important available discovery including recorded conversations containing highly inculpatory statements and admissions; (2) failure investigate Chacon's background to discover several significant mitigating factors including mental health issues; (3) failure to familiarize himself with federal sentencing law as evidence by his "unintelligible, legally and factually incorrect objections to the Presentence Investigation Report;" (4) failure to adequately prepare Chacon to testify and allocute at the sentencing hearing; and (5) failure to perceive or disclose an inherent conflict of interest at the sentencing hearing based on his unfamiliarity with federal sentencing law and procedure.

**MEMORANDUM DECISION AND ORDER - 2**

The § 2255 Motion is supported by detailed affidavits of Chacon's wife, brother, and current counsel as well as records from the jail facilities where he was housed between entry of his plea and sentencing. Dkts. 1-2, 1-3, and 1-4. The Motion is also amply supported by references to the record and transcripts. *See generally Pretrial Memorandum* (Dkt. 1-1).

Rather than filing a response to the § 2255 Motion, the Government engaged in several discussions with current counsel in an attempt to pursue resolution of the Motion without a hearing. The end result of those discussions is the Parties' Proposed Settlement recommending a sentence of 180 months which the Court now considers.

## STANDARD OF LAW

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration, including, as relevant here, "that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).

If the Court does not dismiss the proceeding under Rule 4(b) of the Rules Governing Section 2255 Proceedings, it then proceeds to a determination under Rule 8 of whether an evidentiary hearing is required.

The Court need not hold an evidentiary hearing if the issues raised in the § 2255 motion can be conclusively decided on the basis of the evidence in the record. *See Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). However, where, assuming the truth of specific factual allegations when viewed against the record, Defendant states a claim upon which relief could be granted, an evidentiary hearing is required to resolve the factual dispute before the Court can make a determination on the merits. *See United States v. Leonti*, 326 F.3d 1111, 1116 (2003). *See also United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (to warrant an evidentiary hearing, a § 2255 motion must allege specific facts which, if true, would entitle an individual to relief).

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington*, 466 U. S. 668 (1984). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

In order to establish deficient performance, a defendant must show that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In order to establish prejudice, a defendant must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. The *Strickland* standard is "highly demanding." *Kimmelman,* 477 U.S. at 381-82.

Both prongs of the *Strickland* test must be met "before it can be said that a

**MEMORANDUM DECISION AND ORDER - 4**

conviction (or sentence) 'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687).

## DISCUSSION

Here, Chacon has alleged very specific facts which, if found to be true, could state grounds for relief on one or more of the alleged instances of ineffective assistance of counsel. Furthermore, several of the claims are based on alleged discussions and other matters outside of the record. Accordingly, an evidentiary hearing would most certainly be required to address and resolve all issues raised in the Motion.

Should the Court find that defense counsel's performance was deficient, it is likely that a finding of prejudice would follow. It is reasonable to assume that at the very least, Chacon would have been sentenced to 151 months or at the most to 188 months, had defense counsel listened to the tapes and not contested the Presentence Report determinations. Whether Chacon would have received a below guideline sentence is less certain.

While not willing to concede ineffective assistance of counsel, the Government recognizes that there is a "colorable" basis for the Court to find deficient performance and resulting prejudice. It further recognizes that to defend against the allegations would require extensive investigation, legal research, and preparation for an evidentiary hearing as well as further expenditure of resources to either appeal an adverse decision or defend

**MEMORANDUM DECISION AND ORDER - 5**

an appeal by Chacon. For those reasons, the Government agrees that a stipulated result would be preferable.

After thoroughly reviewing the Parties' Proposed Settlement, the § 2255 Motion and supporting materials, and the entire record, the Court will agrees that the proposal is a just resolution for the following reasons:

1. As the Court mentioned more than once in during the sentencing hearing, defense counsel's objections to the Presentence Report were not at all clear. Furthermore, it was apparent that defense counsel was unaware which party had the burden of proof on various issues.

2. Defense counsel stated at the sentencing hearing that although he had read the transcripts provided in discovery, he had not listened to the tapes of recorded conversations offered by the Government. To have read the materials and still gone ahead with his objections to the firearm enhancement and safety valve issues is a highly questionable strategy.

3. Although Chacon bears ultimate responsibility for his testimony at the sentencing hearing, he would not have been put in the position of testifying had counsel been aware of the incriminating nature of the taped conversations which precluded prevailing on the firearm enhancement and safety valve issues.

4. An understanding of the guidelines would have revealed that prevailing on the objection to the 1/2-pound methamphetamine transaction on the date of Chacon's arrest would have had no affect on the offense level.

5. Not only would resolution of the § 2255 Motion involve considerable prosecutorial resources, it would involve considerable judicial resources as well.

6. The 180-month sentence appears to be a reasonable compromise whether viewed (1) as a nearly high end sentence within the original range (rather than the originally recommended low end) to reflect Chacon's obstruction of justice at sentencing, or (2) a slightly below guideline range (based on Chacon's medical, psychological, and learning disability issues) if the Court were to leave the obstruction of justice enhancement but reinstate the acceptance of responsibility adjustment resulting in a guideline range of 188-235.

7. Chacon has signed a Declaration (Dkt. 12-1) agreeing to the proposed resolution, has acknowledged and waived his right to be present and to allocute at any hearing, and has waived his right to appeal the 180-month sentence or to challenge his conviction or reduced sentence under 28 U.S.C. § 2255.

## CONCLUSION

The Government's reasons for the stipulated resolution appear to be based on the interests of justice and considerations of its governmental resources. They are not unlike deciding not to oppose a § 2255 motion alleging ineffective assistance of counsel for failure to file a notice of appeal based on the amount of work involved. *See United States v. Sandoval-Lopez*, 409 F.3d 1193, 1198 (9th Cir. 2005) (directing that the government may choose not to oppose the § 2255 motion "to free itself from the restraint of the plea bargain, or because getting the appeal dismissed would be less work than an evidentiary hearing."). Alternatively, because the Government has chosen not to defend against Chacon's claims, the Court is left with detailed, well-supported allegations on which to find ineffective assistance of counsel. Accordingly, the Court will accept the Proposed Settlement.

# ORDER

**IT IS ORDERED:**

1. Chacon's Motion to Vacate, Set Aside, or Correct Sentence (Dkt. 1) is **GRANTED**.

2. Chacon's sentence of 262 months is **VACATED**, and he is **RESENTENCED** to 180 months imprisonment with credit for all time served in federal custody in this matter. All other terms and conditions of the original Judgment (Dkt. 228 in criminal case) shall remain the same.

3. The Clerk of Court shall prepare and enter an **AMENDED JUDGMENT** reflecting reduction of Chacon's sentence to 180 months and submit it to the Court for signing and filing.

DATED: **September 15, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 8**