UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>TYRONE D. CHACON,<br><br>    Defendant. | Case No. 4:05-cr-00014-BLW<br><br>**MEMORANDUM DECISION & ORDER** |
|---|---|

## INTRODUCTION

Before the Court is Defendant Tyrone D. Chacone's Motion for Early Termination of Supervised Release (Dkt. 310) as well as his unopposed Motion for Reappointment of Counsel (Dkt. 309). For the reasons explained below, the Court will grant both motions.

## BACKGROUND

In November 2005, Mr. Chacon pleaded guilty to distribution of methamphetamine. He was sentenced to 262 months' imprisonment, although his sentence was twice reduced. In September 2010, the Court reduced his sentence to 180 months, based on a settlement agreement between the parties. *See* Dkt. 293. Under the terms of the settlement, Mr. Chacon agreed not to litigate an ineffective-assistance-of-counsel claim if the government agreed to a reduced sentence of 180 months. In September 2015, Chacon's sentence was again reduced, this time to 144 months, based

on an amendment to the sentencing guidelines. *See* Dkt. 302.

Mr. Chacon began serving his five-year term of supervision in May 2016. If he stays on track, he will be finished in May 2021. He asks to be released now, roughly two years early. The United States Attorney's Office opposes the motion. The United States Probation Office is remaining neutral.

## DISCUSSION

Under 18 U.S.C. § 3583(e), district courts have discretion to grant early termination of supervised release so long as the defendant has served at least one year on supervision and the court is satisfied that early release is "warranted by the conduct of the defendant released and the interest of justice." In exercising its discretion, the court must consider certain statutory factors enumerated in 18 U.S.C. § 3553(a), such as nature and circumstances of the underlying offense, the defendant's history and characteristics; deterrence; public safety; rehabilitation; proportionality; and consistency. *See id* (citing § 3553(a)(1); (a)(2)(B)–(D); (a)(4)–(7)).

### 1. Defendant's Conduct

Looking first to the defendant's conduct, this Court is not moved by perfect compliance with the terms of supervision. That is what is expected of any defendant. As one court put it, "[m]odel prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (S.D.N.Y. 1998). Defendants seeking an early release must instead show something more – something unusual or extraordinary. *Accord United States v.*

*Etheridge*, 999 F. Supp. 2d 192, 195 (D.D.C. 2013).

Mr. Chacon has done that. As outlined more fully in his moving papers, Mr. Chacon's progress goes far beyond perfect compliance with the terms of supervision. After having taken full advantage of educational and vocational opportunities in prison, Mr. Chacon continued his upward trajectory after release. He almost immediately reopened his tattoo shop, which is reportedly successful. He is an important part of his family and extended family. And he has demonstrated a commitment to giving back to his community by donating time and money to various local charitable organizations.

In sum, Mr. Chacon's post-release activities and successes have been extraordinary and convince this Court that early termination is "warranted by the conduct of the defendant." 18 U.S.C. § 3583(e)(1)(A).

**2.     The Interests of Justice; The Relevant § 3553(a) Factors**

The Court also finds that early termination is in "in the interest of justice." *Id.* In making this determination, the Court has considered each of the relevant § 3553(a) factors. The Court will not explicitly discuss each factor here, thought it will note that several weigh in favor of early termination. Among other things: Mr. Chacon is no longer a threat to the public. § 3553(a)(2)(C). The Court does not believe he would benefit from further correctional treatment or vocational training, and it does not appear that he needs any medical care. § 3553(a)(2)(D). There is also no need to provide restitution to any victims. *Id*. at § 3553(a)(7).

**3.     The Government's Categorical Approach**

Finally, the Court will note that the government's opposition was not helpful

because it did not discuss any of the relevant factors outlined above. Instead, although the government commended Mr. Chacon for his accomplishments, it went on to say that it normally does not support motions for early termination unless the defendant has one year or less remaining on a term of supervision. The government has taken this approach "to achieve parity with successful candidates in START Court who then earn one year off of their supervised release term for successful completion of the START program." *Response*, Dkt. 313, at 2.

The Court is not persuaded by a categorical approach such as this. Rather, as already noted, the Court must focus more specifically on the individual before it. *Cf. United States v. Lowe*, 632 F.3d 996 (7th Cir. 2011) (district court could not categorically refuse to consider motions for early termination until 12 months before supervise release's end date). Having done so, the Court finds that Mr. Chacon is a suitable candidate for early release.

## CONCLUSION

Mr. Chacon's performance on supervision thus far demonstrates that more supervision – whether for the benefit of the public or Mr. Chacon – is unnecessary. Mr. Chacon has taken impressive steps during the past three years. After carefully considering the 18 U.S.C. § 3553(a) factors, this Court finds that early termination is warranted by defendant's conduct and is in the interests of justice.

# ORDER

**IT IS ORDERED that:**

(1) Defendant's unopposed Motion for Reappointment of Counsel (Dkt. 309) is **GRANTED** for the reasons stated in the motion.

(2) Defendant's Motion for Early Termination of Probation (Dkt. 310) is **GRANTED**.

DATED: June 17, 2019

B. Lynn Winmill
U.S. District Court Judge